J. C. QUILLEN, Appellant, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellee.

CARRIERS: Carriage of Live Stock—Pleading—Variance. A shipper who bases his right to recover solely on a written contract may not recover on evidence of an oral or implied contract.

*Appeal from Mahaska District Court.*—K. E. WILLCOCKSON, Judge.

MONDAY, OCTOBER 29, 1917.

ACTION for damages for delay in the shipment of stock. At the close of the evidence, there was a directed verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*Malcolm & True,* for appellant.

*Burrell & Devitt,* for appellee.

EVANS, J.—On December 14, 1913, the plaintiff delivered to the defendant four carloads of sheep at New Sharon, Iowa. These were transported by the defendant to Pickering, Iowa, and there delivered to the Chicago, Milwaukee & St. Paul Railroad Company. They were further transported by the Chicago, Milwaukee & St. Paul Railroad Company to Bensonville (20 miles out of Chicago), and there delivered by such railroad to one of the belt lines for further transportation to the Union Stock Yards.

*CARRIERS: carriage of live stock: pleading: variance.*

According to the petition, this live stock was loaded at New Sharon at about 8 o'clock A. M. The usual time of shipment from New Sharon to the Union Stock Yards is about 24 hours. The shipment did not in fact reach the stockyards until 11:03 A. M. the following day. The shipment was on time at Pickering, and also at Bensonville, the entire delay having been caused in the last 20 miles, on successive belt lines. Theoretically, the stock market at the Union Stock Yards is open until 3 P. M. Practically, however, the best market is in the earlier morning hours, and afternoon sales, if made at all, must be made upon a lower market than that of the forenoon. The plaintiff's stock was in fact carried over and sold on December 16th at a loss of 25 cents a hundred, as compared with the market of December 15th.

In view of the dismissal of plaintiff's case at the close of the evidence by direction of the court, the decisive question on this appeal is one of pleading and proof and of variance between them. The petition of the plaintiff declared upon a written contract, whereby the defendant, as averred, undertook to transport the plaintiff's shipment to the Union Stock Yards. This allegation was denied. The plaintiff offered no proof in support of the allegation, but ignored the same. The only testimony offered by him at this point was his own, as follows:

"On the 14th of December, 1913, I shipped four carloads of lambs over the M. & St. L. or Milwaukee & St. Paul."

It appears from plaintiff's testimony that there was no negligence on the part of the defendant railroad company in the transportation over its own line. Concededly, the defendant could become liable for the negligence of a connecting carrier. The plaintiff in his petition expressly predicated such liability upon the written contract entered into. The written contract, therefore, was material to the proof of plaintiff's case. If it should appear therefrom that the defendant did contract for through transportation to the Union Stock Yards, then it would be answerable to the plaintiff for the negligence of connecting carriers, subject to the limitations of the written contract. On the other hand, if the defendant simply contracted to transport the stock from New Sharon to Pickering, it could not be thus answerable for the neglect of other carriers in the subsequent transportation. The question thus presented has not been discussed at all by the appellant in his brief. In support of his appeal, it was incumbent upon the plaintiff, as appellant, to show that there were no grounds upon which the trial court could properly direct a verdict. In support of the order of the trial court, the appellee defendant has devoted his brief largely to this feature of the record. The appellant has made no response thereto. We see no escape from the conclusion that there was a fatal variance between pleading and proof of plaintiff's case. This of itself was sufficient to support the ruling of the trial court. Its order must, therefore, be—*Affirmed*.

GAYNOR, C. J., LADD and SALINGER, JJ., concur.